CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 23 2016

JULIA C. DUDLEY, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TROY PETERSON, | ) | CASE NO. 7:16CV00457 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| V. PHIPPS, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Troy Peterson, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that without his permission, employees of Red Onion State Prison ("Red Onion") violated his constitutional rights by providing copies of his medical records to an attorney who made them public record. From Peterson's allegations, the court finds no factual or legal basis for an actionable claim under § 1983. Accordingly, the court dismisses Peterson's action without prejudice as frivolous.

## I.

Peterson's claims in this case relate to actions the defendants allegedly took in conjunction with previous lawsuits Peterson has filed against Red Onion officials under 42 U.S.C. § 1983. In Peterson v. Barksdale, No. 7:16CV00146, he alleged that officials had failed to accommodate his Asatru religious dietary needs, leading to weight loss. In Peterson v. Barksdale, No. 7:16CV00207, among other things, Peterson alleged that officials used excessive force against him, causing him physical injuries. Peterson complains that in each of these cases, Defendant Phipps, the Red Onion nursing director, without his permission, released portions of

his medical records.[1] Peterson also alleges that Red Onion investigator S. McDaniel "filed a report with copies of [Peterson's] medical record." (Compl. 3, ECF No. 1.) When Peterson discovered the unauthorized release of his medical records, he complained to Warden Barksdale.

In his § 1983 complaint, Peterson sues Phipps, and McDaniel, and Barksdale, contending that the release of his records without his consent violated his constitutional rights, causing "health decline" and dam[a]ge done to Ass[ass]inate [his] char[ac]ter." (Id. 4.) He seeks compensatory and injunctive relief.

## II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court cannot identify any cognizable claims or the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(a), (b)(1). A frivolous claim is one "based on an indisputably meritless legal theory" or one "whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (interpreting the term "frivolous" as similarly used in the former 28 U.S.C. § 1915(d)). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013).

Liberally construing Peterson's complaint, he asserts that the defendants' dissemination of his medical records violated his constitutional right to maintain the privacy of those records and defamed him. Neither of these claims has any legal basis.

---

[1] Court records reflect that in No. 7:16CV00146, in support of the defendants' motion for summary judgment, Phipps submitted an affidavit, explaining attached medical records concerning Peterson's recent complaints about his weight, stomach pain, and digestive issues. Court records do not reflect that Phipps has submitted any affidavit or medical records related to the defendants' motion in No. 7:16CV00207.

2

Neither the United States Supreme Court nor any court within the Fourth Circuit has recognized that inmates have a fundamental constitutional right to privacy in their medical information. Adams v. Drew, 906 F. Supp. 1050, 1058 (E.D. Va. 1995). Other circuits to address this issue have held "that prisoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them." See, e.g., Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir. 2010) (citing other cases). Clearly, when an inmate's § 1983 claims that officers' unconstitutional actions have caused him adverse physical effects requiring medical treatment, the state has a legitimate interest in investigating the records of that medical treatment and using the records in defending themselves in that litigation.[2] The court will summarily dismiss Peterson's privacy claims as frivolous.

Peterson's allegation that the defendants somehow defamed him or injured his reputation by releasing his medical records also fails to state any constitutional violation actionable under § 1983. See Paul v. Davis, 424 U.S. 693 (1976) (finding that "the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law"). Accordingly, the court will summarily dismiss Peterson's defamation claim as legally frivolous.

For the reasons stated, the court dismisses Peterson's complaint without prejudice as frivolous. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 23rd day of November, 2016.

_____
Chief United States District Judge

---

[2] Indeed, federal law expressly provides that health care providers may disclose a patient's health information as necessary in order to conduct or arrange for legal services. See 45 C.F.R. § 164.501.

3